UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cardiovascular Systems, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Cardio Flow, Inc.,<br><br>Defendant. | Case No. 0:18-cv-01253 (SRN/KMM)<br><br>**MEMORANDUM OPINION AND ORDER** |

Daniel L. Allender and Roman M. Silberfeld, Robins Kaplan LLP, 2049 Century Park East, Suite 3400, Los Angeles, CA 90067; Thomas F. Berndt, Robins Kaplan LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402 for Plaintiff.

Joseph W. Anthony and Daniel R. Hall, Anthony Ostlund Baer & Louwagie PA, 90 South Seventh Street, Suite 3600, Minneapolis, MN 55402 for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on Plaintiff Cardiovascular Systems Inc.'s ("CSI") Motion to Remand to State Court ("Motion to Remand") [Doc. No. 12]. CSI contends that its suit is a simple breach of contract claim, and thus belongs in state court. By contrast, Defendant Cardio Flow Inc. ("Cardio Flow") views CSI's suit as a thinly disguised patent infringement claim, and therefore fit for removal under 28 U.S.C. §§ 1331, 1338(a), 1441, and 1446. Cardio Flow also avers that, because CSI's breach of contract claim arises out of a Settlement Agreement approved by this Court in 2012, the Court may exercise ancillary jurisdiction.

The Court agrees with Cardio Flow that it may exercise ancillary jurisdiction over this action. CSI's Motion to Remand is accordingly denied.

I.     BACKGROUND

A. The Parties

CSI and Cardio Flow are both Delaware corporations with their principal place of business in Ramsey County, Minnesota. (*See* Compl. [Doc. No. 1] ¶ 1.)

B. The 2012 Litigation and Resulting Settlement Agreement

In February 2012, a woman named Lela Nadirashvili sued CSI on behalf of her late husband, Dr. Leonard Shturman, to "determine[e] the ownership of certain inventions." (*See* Notice of Removal ¶ 4.) The lawsuit ended up before this Court, and the parties eventually reached a Settlement Agreement, dated August 27, 2012. (*See* Notice of Removal, Ex. C [Doc. No. 1-3] (the "Settlement Agreement").)[1] In it, Nadirashvili granted CSI "a worldwide, royalty-free, paid-up irrevocable exclusive right and license under the Nadirashvili Patent Portfolio to make, have made, use, offer to sell, sell and import rotational atherectomy devices or methods utilizing *Solid Counterweights*," while CSI granted Nadirashvili an analogous right and license to practice "rotational atherectomy devices or methods utilizing *Fluid Inflatable Counterweights*." (*Id.* at 2, ¶¶ 3A-B) (emphases added).) The Settlement

---

[1]     In this motion, the Court considers the 2012 Settlement Agreement as material "necessarily embraced by the pleadings." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (citations and quotation marks omitted); *see also Dunnigan v. Federal Home Loan Mortgage Corp.*, 184 F. Supp. 3d 726, 734 (D. Minn. 2016) ("[T]he contract upon which a claim rests is necessarily embraced by the pleadings and may be considered.") (citing *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014)). Moreover, the Court may consider exhibits attached to a notice of removal "to determine whether there is jurisdiction." *In re Trusts*, 241 F. Supp. 3d 905, 914 (D. Minn. 2017).

Agreement also contemplated assignments or transfers of rights under the contract, and noted that any assignee was "to be bound to this Agreement as if it were a party." (*Id.* at 4, ¶ 10.) Finally, and most importantly, the Settlement Agreement stated that "[t]he dismissal order shall state that the federal district court in Minnesota is retaining jurisdiction over the Settlement Agreement." (*Id.* at 5, ¶ 16.)

As such, when the Court dismissed the lawsuit on September 21, 2012, its order explicitly stated that "the United States District Court for the District of Minnesota shall retain jurisdiction over the Settlement Agreement dated August 27, 2012." (Notice of Removal, Ex. D [Doc. No. 1-4].)

### C. Current Litigation and Procedural History

Sometime after this Order of Dismissal, Ms. Nadirashvili "assigned the rights, duties, obligations and responsibilities relating to the Settlement Agreement to [] Cardio Flow," thereby "b[inding] [Cardio Flow] by the terms of the Settlement Agreement as if it were a party to the Settlement Agreement." (Compl. ¶ 6.) Later, CSI learned that Cardio Flow was purportedly developing "an atherectomy device" called FreedomFlow, which allegedly incorporates certain "solid counterweights" "in violation of the Settlement Agreement." (*Id.* ¶ 8.)

CSI accordingly sued Cardio Flow in state court on April 6, 2018, alleging breach of contract and seeking a permanent injunction enjoining Cardio Flow from "developing or attempting to develop any atherectomy device that incorporates one or more solid counterweights or an equivalent thereof." (*Id.* ¶ 17.) On May 4, 2018, Cardio Flow filed a notice of removal. Cardio Flow also answered ten days later, and raised several affirmative

3

defenses, including that CSI's "claim is barred because Cardio Flow does not practice any patent claim of CSI's that is covered by the Settlement Agreement." (Answer [Doc. No. 4] at 4.)

CSI moved to remand on June 22, and, following motion practice, the Court entertained oral argument on August 3.

## II. DISCUSSION

28 U.S.C. § 1441 generally provides a defendant in a state civil case the right to remove that case to federal district court, assuming the case could have been brought there originally. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). In turn, the plaintiff may move to have the case remanded if subject matter jurisdiction is lacking, or if some other defect makes removal improper. *See* 28 U.S.C. § 1447(c). The party seeking removal and opposing remand has the burden to demonstrate federal jurisdiction, and all doubts should be resolved in favor of remand. *See In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

Here, CSI offers two arguments in support of remand. First, CSI contends that its complaint does not invoke federal patent law, either explicitly or implicitly, and that therefore 28 U.S.C. § 1331 "arising under" jurisdiction does not lie. Second, CSI contends that, even though its complaint flows from the 2012 Settlement Agreement approved by this Court, ancillary jurisdiction does not lie because Cardio Flow was not a party to that agreement.

Because the Court finds that ancillary jurisdiction plainly exists here, and that remand is therefore unnecessary, it will not address the § 1331 question.

### A. Ancillary Jurisdiction

### 1. Legal Standard

Ancillary jurisdiction is a jurisdictional doctrine "which recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). However, because "[f]ederal courts are courts of limited jurisdiction," ancillary jurisdiction does not provide district courts with "inherent power to enforce a settlement agreement" just because that agreement was "entered into by parties in federal court." *Myers v. Richland Cty.*, 429 F.3d 740, 745 (8th Cir. 2005) (citing *Kokkonen*, 511 U.S. at 380-81 (1994)).

Rather, a district court may only exercise ancillary jurisdiction over an alleged breach of a settlement agreement "if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal," such as by "a provision 'retaining jurisdiction' over the settlement agreement." *Id*. (quoting *Kokkonen*, 511 U.S. at 381). This is true regardless of whether a party defines its suit as a "separate action for damages [under a breach of contract theory]" or as "a motion to enforce the settlement agreement." *Id*. at 747. In *Myers*, for instance, the Eighth Circuit found that a district court could exercise ancillary jurisdiction over a breach of contract claim arising out of a settlement agreement because the district court's order of dismissal expressly retained jurisdiction over the settlement agreement. *Id*.

### 2. Analysis

*Myers* and *Kokkonen* dictate the outcome of this motion. CSI and Cardio Flow are bound by a Settlement Agreement before this Court (the latter by assignment). The Court

5

expressly retained jurisdiction over the Agreement in its Order of Dismissal. CSI has now alleged that Cardio Flow breached the Settlement Agreement. Regardless of whether CSI's complaint is classified as a breach of contract claim or a federal patent law claim, this Court is entitled to exercise ancillary jurisdiction.

CSI's two arguments to the contrary are unavailing. First, CSI contends that, "because Cardio Flow was not a party to the prior lawsuit, the Court lacks ancillary jurisdiction over Cardio Flow." (CSI's Br. in Support of Remand [Doc. No. 13] at 15.) CSI primarily cites *Peacock v. Thomas* in support of this proposition. There, the Supreme Court held that federal courts cannot, as a general matter, exercise ancillary jurisdiction "in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment." 516 U.S. 349, 357 (1996). This is particularly true, the Supreme Court added, when the new lawsuit "is founded . . . upon different facts than the" original lawsuit, as well as "entirely new theories of liability." *Id*. at 358; *see also Epperson v. Entm't Express, Inc*., 242 F.3d 100, 104 (2d Cir. 2001) ("[A]n action to establish liability on the part of a third party . . . must have its own source of federal jurisdiction, so that absent an independent basis for federal jurisdiction a new defendant may not be haled into federal court.").

Here, though, Cardio Flow is not a "new defendant." Rather, it is the assignee of Ms. Nadirashvili, one of the original parties to the Settlement Agreement that CSI is attempting to enforce. Under black letter contract law, "[a]n assignment places the assignee in the shoes of the assignor, giving the assignee the same legal rights as the assignor's before the assignment." *Bayside Holding, Ltd. v. Viracon, Inc.*, 709 F.3d 1225, 1228 (8th Cir. 2013) (citing *Ill. Farmers Ins. Co. v. Glass Serv. Co.*, 683 N.W.2d 792, 803 (Minn. 2004)).

Indeed, as CSI's complaint recognized, Ms. Nadirashvili "assigned the rights, duties, obligations and responsibilities relating to the Settlement Agreement to [] Cardio Flow," thereby "b[inding] [Cardio Flow] by the terms of the Settlement Agreement as if it were a party to the Settlement Agreement." (Compl. ¶ 6; *see also* Settlement Agreement at 4, ¶ 10 (stating that any assignee is "to be bound to this Agreement as if it were a party").) Cardio Flow can therefore request that this Court adjudicate any dispute arising of the Settlement Agreement, just as Ms. Nadirashvili could have done.

CSI also argues that, even if Cardio Flow is a proper assignee, "parties cannot create federal jurisdiction by agreement." (CSI's Reply Br. [Doc. No. 23] at 7 (citing *Potter v. Northwest Mortg. Inc.*, 329 F.3d 608, 611 (8th Cir. 2003).) In *Potter*, for example, the Eighth Circuit noted that two parties cannot "confer jurisdiction upon a federal court" by agreeing to call a settled case "not moot" for purposes of appeal. *Potter*, 329 F.3d at 611. However, as *Myers* and *Kokkonen* explain, parties *can* agree to confer jurisdiction upon a federal court *if* they sign a settlement agreement in federal court and then mutually request that the court retain jurisdiction over that agreement. That is what happened here. And there was nothing improper, or even unusual, about it. *See Kokkonen*, 511 U.S. at 380 (observing that ancillary jurisdiction exists "to enable a court to . . . manage its proceedings, vindicate its authority, and effectuate its decrees").

### III.    CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that CSI's Motion to Remand [Doc. No. 12] is **DENIED.**

Dated:  October 24, 2018                       **/s/ Susan Richard Nelson**
                                                                      SUSAN RICHARD NELSON
                                                                      United States District Judge